United States District Court
District of Massachusetts

```
                              )
ALEXIS AYALA,                 )
         Petitioner,          )
                              )
         v.                   )     Case No.
                              )     11-cv-11659-NMG
JAMES SABA,                   )
         Respondent.          )
                              )
```

### MEMORANDUM & ORDER

**GORTON, J.**

This habeas petition arises out of petitioner's conviction for unlawful possession of ammunition without a firearms identification card on June 18, 2008, in Massachusetts Superior Court.

### I.   State court proceedings

On November 27, 2007, Alexis Ayala ("Ayala") was indicted for unlawful possession of ammunition without a firearms identification card (Count 7). The grand jury also indicted Ayala for unlawful possession of a controlled substance with intent to distribute (Class A: heroin) (Count 1), unlawful possession of a controlled substance with intent to distribute (Class B: cocaine)(Count 2), unlawful possession of a controlled substance with intent to distribute (Class E: percocet) (Count 3), violation of the controlled substance law within a school zone (Count 4), unlawful possession of a loaded firearm (Count

5), unlawful possession of a firearm (Count 6), use of a firearm during the commission of a felony (Count 8), and receiving stolen property (Count 9). Counts 1 and 2 alleged that they were second offenses and Counts 6 and 7 charged sentencing enhancements under Mass. Gen. Laws ch. 269, §§ 10(d) and 10G(b).

Ayala and his co-defendant, Wilfredo Figueroa, were tried before a jury from June 11 to June 18, 2008. At trial the Commonwealth introduced two ballistics certificates stating that the firearm that fell from Ayala's waistband at the time of his arrest contained three live .38 caliber cartridges. The ballistician who tested the ammunition did not testify.

On June 13, 2008, after the Commonwealth rested its case, the trial judge allowed Petitioner's motion for a required finding of not guilty as to Count 2 and as to so much of Count 1 that charged intent to distribute. On June 18, 2008, Ayala was convicted of Counts 1, 3, 5, 6, and 7. On the same date, Ayala pled guilty to the enhancement portions of Counts 6 and 7.

On June 25, 2008, the trial judge sentenced Ayala to concurrent terms of not more than nine years and not less than seven years at MCI-Cedar Junction on Count 7, and not more than seven years and not less than five years on Count 6. The trial judge also sentenced Petitioner to concurrent six-month terms on Counts 1 and 3 in the Hampden County House of Correction, and a two-year term in the Hampden County House of Correction on Count

5, to run from and after the sentence on Count 6 but concurrent with the sentence on Count 7.

Ayala appealed his fire arms convictions on June 19, 2008. Specifically, Ayala asserted that the admission of the testimonial statements contained in the test-fire report and the ballistics certification violated his right of confrontation under the Sixth and Fourteenth Amendments.  On June 23, 2010, the Appeals Court reversed his convictions on Counts 5 and 6 on the ground that the introduction of the ballistics certificate was not harmless beyond a reasonable doubt. However, the Appeals Court affirmed the ammunitions conviction (Count 7) reasoning that:

> Evidence suggesting that the ammunition in question is found in a weapon can render the introduction of the certificate harmless beyond a reasonable doubt. See Commonwealth v. Muniz, 456 Mass. at 172-173; Commonwealth v. Loadholt, 456 Mass. 411, 434 (2010). Here, the police officer testified that the gun was loaded with three cartridges when he retrieved it from the foyer floor. The admission of the ballistics certificate was therefore harmless beyond a reasonable doubt in regard to the ammunition.

Ayala sought further review by the Massachusetts Supreme Judicial Court ("SJC") but his application was denied on September 15, 2010.

## II.  Federal court proceedings

On September 19, 2011, Ayala filed a habeas petition pursuant to 28 U.S.C. § 2254 (Docket No. 1).  He alleges that the

determination of the Massachusetts Appeals Court that the introduction of the ballistics certificate without testimony from its author to prove the ammunitions charge (Count 7) was contrary to, and an unreasonable application of, Melendez-Diaz v. Mass., 557 U.S. 305 (2009).

### III.  § 2254 Motion to Vacate

#### A.  Standard

A federal court sitting in habeas corpus is not tasked with re-examining state-court determinations of state-law issues but rather "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Factual findings made by state courts on direct review are entitled to a presumption of correctness, 28 U.S.C. § 2254(e)(1), and state-law legal findings are binding, Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

Where, as here, the basis for a petitioner's application for a writ of habeas corpus was adjudicated on the merits in state court, the petition will be granted only if the state court adjudication:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

An error is harmless unless it "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 631 (1993).  When a state court has determined that a constitutional violation is harmless a federal court may not award relief under § 2254 unless the harmless error review by the state court was objectively unreasonable. Mitchell v. Esparza, 540 U.S. 12, 17-18 (2003).

### B.  Application

In order to prove that Ayala unlawfully possessed ammunition without a firearms identification card, the Commonwealth was required to show beyond a reasonable doubt that the items in question met the statutory definition of ammunition.  Under Mass. Gen. Laws. ch. 140, § 121 ammunition is defined as

> cartridges or cartridge cases, primers (igniter), bullets or propellant powder designed for use in any firearm, rifle or shotgun.

The Appeals Court found that the admission of the ballistics certificates without the testimony of the ballistician was improper. It also held, however, that the error was harmless because the Commonwealth introduced both Officer Walters' testimony that he removed the ammunition from the firearm found on Ayala and the .38 caliber bullets themselves into evidence at trial.  That determination was not objectively unreasonable given that the Officer's testimony and the bullets themselves were sufficient

evidence for the jury to find that they were "bullets. . . designed for use in any firearm, rifle or shotgun."

Although the Commonwealth did commit error in introducing the ballistic certificates, Ayala is not entitled to habeas relief under § 2254 because the Appeals Court was not objectively unreasonable when it determined that the admission of the certificates did not have a "substantial and injurious effect or influence in determining the jury's verdict" regarding the possession of ammunition without a firearms count.

## IV. Certificate of Appealability

### A.   Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist

-6-

would agree that the petitioner will not prevail. <u>Miller-El</u> v. <u>Cockrell</u>, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." <u>Id.</u>

### B.  Application

Ayala asserts that the admission of the testimonial statements contained in the test-fire report and the ballistics certification violated his right of confrontation under the Sixth and Fourteenth Amendments. As described above, this Court concludes otherwise. Because reasonable jurists could debate the outcome, a certificate of appealability will be granted.

### ORDER

In accordance with the foregoing, Ayala's petition for writ of habeas corpus (Docket No. 1) is **DENIED**. Should petitioner so request he will be granted a Certificate of Appealability.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 4 , 2013